UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF CONNECTICUT

ELAINE L. CHAO Secretary of Labor,
United States Department of Labor,

        Plaintiff,

        v.

M&O CONSTRUCTION CO., INC.
and MELVIN McBREAIRTY,

        Defendant.

CIVIL ACTION

FILE NO. 3:05-CV-01306

## JUDGMENT

Plaintiff having filed a complaint and the defendants having appeared by counsel, filed answer to the complaint, and, without admitting the violations alleged, agreed to the entry of this judgment.

It is, therefore,

ORDERED, ADJUDGED and DECREED that defendants, their agents, servants, employees, and all persons acting or claiming to act in their behalf and interest be, and they hereby are, permanently enjoined and restrained from violating the provisions of the Fair Labor Standards Act, as amended (29 USC 201 et seq.), hereinafter referred to as the Act, in any of the following manners;

Defendants shall not, contrary to sections 7 and 15(a)(2) of the Act, employ any employees who in any workweek are engaged in commerce or in the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than forty hours,

unless such employee receives compensation for his employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he is employed.

Defendants shall not fail to make, keep, and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the regulations issued, and from time to time amended, pursuant to section 11(c) of the Act and found in 29 CFR 516.

Further, the Court finding as agreed to by the defendants that employees shall be paid compensation in the amount of $17,000 as shown on attached "Exhibit A" which is incorporated in and made a part hereof, it is

ORDERED, ADJUDGED and DECREED that the defendants are restrained from withholding payment of said compensation.

The defendants represent that they have been in compliance with the Act since at least August 7, 2004. In resolving the amount of back wages in this judgment, the plaintiff has relied on this representation, and, accordingly, the back wage provision of this judgment shall have no effect upon any back wages which may have accrued since that date.

The back-wage provisions of this judgment shall be deemed satisfied when on or before September 30, 2006, the defendants deliver to the persons listed in "Exhibit A" attached hereto the respective sums set opposite their names, less deductions for each employee's share of social security and withholding taxes.

The defendants shall further provide plaintiff with a copy of the payroll or a copy of the checks used to disburse the back wages and a statement attesting to the fact that such payment has been made.

Any back wage check which cannot be distributed to the employees named in "Exhibit A", or to their estates if that be necessary because of inability of the parties to locate the proper persons, or because of such persons' refusal to accept such sums, shall be redrafted and made payable to both the employee and "Wage and Hour Division - Labor" as alternative payees. Such checks shall then be forwarded immediately to plaintiff. When recovered wages have not

been claimed by the employee within three years, the Secretary of Labor shall deposit them into the United States Treasury as miscellaneous receipts, pursuant to 29 USC 216(c).

Defendants shall not, under any circumstances, accept and keep any amount returned to them by a person owed compensation under this judgment. Any such amount shall be immediately paid to the plaintiff as above.

It is further ORDERED, ADJUDGED and DECREED that each party bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding.

Dated *August 24*, 2006

_____
United States District Judge

Defendants hereby consent to
the entry of this judgment:

By _____
John P. Shea, Jr.
Sabia & Hartley, LLC
190 Trumbull St., Ste. 202
Hartford, CT 06103
Ph.: (860) 541-2077
Fax: (860) 713-8944
ct17433

Plaintiff moves for entry of
this judgment:

Howard M. Radzely
Solicitor of Labor

Frank V. McDermott, Jr.
Regional Solicitor

_____
John S. Casler
Deputy Regional Solicitor
U.S. Department of Labor
Attorneys for Plaintiff

James Glickman
ct 11485

JFK Federal Bldg., Room E-375
Boston, MA  02203
Phone: 617-565-2500
FAX:   617-565-2142

## EXHIBIT A

| | |
|---|---:|
| Frank J. Colangelo | $ 503.60 |
| Robert J. Colburn | 8,356.37 |
| Emilio Diamantini | 1,251.78 |
| Dale A. Gustafson | 3,591.00 |
| George W. Johnson | 481.28 |
| Matthew L. Johnson | 2,634.62 |
| Tristan Payne | 55.80 |
| Eron R. Plue | <u>125.55</u> |
| | $17,000.00 |